UNITED STATES of America ex rel.
Arthur E. MARTIN H–4387,
Appellant,

v.

Joseph R. BRIERLEY et al.

No. 19394.

United States Court of Appeals,
Third Circuit.

Argued June 19, 1972.

Decided June 30, 1972.

Rehearing Denied July 28, 1972.

Dennis R. Suplee, Philadelphia, Pa., for appellant.

Thomas G. Gavin, Asst. Dist. Atty., West Chester, Pa., for appellees.

Before MARIS, JAMES ROSEN and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from an order of the district court denying, after an evidentiary hearing, the appellant's petition for a writ of habeas corpus. The petitioner is a prisoner held under the authority of the Commonwealth of Pennsylvania on a conviction of assault with intent to ravish and on two convictions for rape unrelated to the former. It appears that in March 1960 the petitioner was arrested and indicted on a charge of assault with intent to ravish. His mother, in November 1961, moved for a mental examination of the petitioner based on the two rape charges which were then pending against him, as well as the assault with intent to ravish charge. The motion was granted and after a mental examination the petitioner was

committed to Farview State Hospital in December 1961 where he remained until July 1964 when, on petition of the Superintendent of Farview, the petitioner was released from that institution. In December 1964 a sanity commission found the petitioner mentally able to stand trial, and he was tried on the three charges against him. In February 1965 he was convicted on the two rape charges and sentenced to concurrent terms of imprisonment of 7½ to 15 years. In June 1965 he was tried to a jury on the assault with intent to rape charge, found to be guilty, and was sentenced to 2½ to 5 years imprisonment, to begin at the termination of the previously imposed concurrent sentences. The petition for the writ challenges only the conviction on the assault with intent to ravish charge.

The petitioner contends here, as he did in the district court, that his two court appointed trial counsel were ineffective because they failed to consider the defense of insanity; that he was denied his right to confront and cross examine witnesses at his trial due to a severe loss of hearing combined with the failure of the court to supply him with a hearing aid; and that his court-appointed appellate counsel was also ineffective because, after allegedly reaching the conclusion that petitioner's appeal to the Superior Court of Pennsylvania was frivolous, he failed to follow the procedure mandated in Anders v. California, 1967, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493. The district court found no merit in any of these contentions and we agree.

■ It is true that the petitioner's trial counsel testified that they did not consider the defense of insanity. But this statement must be viewed in the light of the fact that the petitioner had consistently asserted that his commitment to Farview in 1961 was erroneous and expressed his fear of being returned there, that he prohibited his appellate counsel from raising this issue on his appeal to the Superior Court of Pennsylvania, although the latter did actually raise it but the Superior Court nonetheless affirmed his conviction, and that even now he does not say that he would have approved using the defense of insanity if it had been suggested to him by counsel, but merely that he should have been given the opportunity to approve or reject it. We need not decide whether the Superior Court by affirming the petitioner's conviction has adjudicated this issue on the merits. For under the circumstances of this case, we think that it would have been a meaningless gesture for his trial counsel to have made the suggestion of an insanity defense to him merely in order to give him the opportunity to reject it. The district court rightly held that the petitioner was not deprived of the effective assistance of counsel.

■ The petitioner's contention that he was denied the right to confront and cross examine witnesses because of the state court's failure to supply him with a hearing aid is equally unmeritorious. The record shows that the court took reasonable steps to assist the petitioner in this regard by placing him in the courtroom as close to the witness box as feasible. The notes which he wrote to his counsel during the trial and which were preserved show that he knew what was going on and was participating intelligently in the proceedings. We see no deprivation of a constitutional right here.

■ The petitioner's final contention that on his appeal to the Superior Court his appellate counsel failed to follow the procedure prescribed by Anders v. California, supra, has no basis in the record. For counsel obviously did not consider that appeal to be frivolous since he did not withdraw his appearance but, rather, pressed the appeal in the Superior Court and actually secured relief for the petitioner from that court by way of allowance to him, as a credit on his sentence, of the time which he had spent at the Farview State Hospital. It is clear

that the rule of the Anders case was not applicable here.

The order of the district court will be affirmed.